Jim W. CROFFORD, Appellant,

v.

Lon N. BOWDEN, Appellee.

No. 15889.

Court of Civil Appeals of Texas.

Fort Worth.

March 14, 1958.

Rehearing Denied April 11, 1958.

Frank Fulgham, Weatherford, Johannes and Kelsoe, and G. H. Kelsoe, Jr., Dallas, for appellant.

Borden & Hand, and I. B. Hand, Weatherford, for appellee.

RENFRO, Justice.

Plaintiff Bowden brought suit against defendant Crofford wherein he alleged that theretofore he had traded real estate of the value of $15,000 to defendant in exchange for 1,280 shares of defendant's personal stock of the Old Line Life Insurance Co. Suit was for rescission of the transaction on the grounds defendant had fraudulently

misrepresented the value of the stock and concealed material facts.

A non-jury trial resulted in a judgment for plaintiff.

Extensive findings of fact and conclusions were filed by the court. There were findings that defendant was president of Old Line Life Insurance Co. at the time of the transaction; that he told plaintiff the actual value of the stock was $12.50 per share; at the time the stock actually had a value of not more than 40¢ per share; defendant concealed the fact that there were 878,364 shares of stock issued in the Company on August 26, 1955 (date of the transaction between plaintiff and defendant), and that there were one and one-half million shares authorized to be issued; defendant concealed fact that 750,000 shares had been issued to him on the basis of his initial investment of $50,000; defendant's statement to plaintiff as to value of the stock was false, he knew true condition of the Company and value of the stock and knew that plaintiff did not know; prospectuses sent to plaintiff did not show amount of stock authorized or issued. The court concluded that the representation of defendant as to the actual value of the stock was a material fact, untrue, and made with the intention of inducing plaintiff to enter into the transaction; that plaintiff was ignorant of the falsity of the representation, believed such representation to be true and relied thereon; that the concealment of the amount of shares authorized and actually issued was also a material fact in inducing plaintiff to enter into the transaction; defendant made the false representation and concealments with full knowledge of their falsity and materiality, knowing that plaintiff relied thereon and made such representation and concealments with the intent to defraud plaintiff; that there was a failure of consideration for the conveyance of the real estate to defendant amounting to gross inadequacy of consideration.

Defendant's first point of error contends there is no evidence of misrepresentation sufficient to bring plaintiff's cause within the law of fraud.

■ To constitute actionable fraud as defined in the statute (Art. 4004, Vernon's Ann.Civ.St.), it must appear that a material representation was made and that it was false; that when the party made it, he knew it was false, or made it recklessly without any knowledge of its truth, and as a positive fact; that he made it with an intention that it should be acted upon by the other party, and that the party acted in reliance upon it, to his injury and damage. Misrepresentation of value of stock in a corporation is actionable fraud where the deceived party acted in ignorance of the true facts, and the lack of diligence on the part of the deceived party is no waiver of the fraud practiced upon him and on which he was induced to act. One guilty of an affirmative fraudulent misrepresentation of a material fact cannot urge that the defrauded party could have discovered the truth had he diligently made investigation. Spencer v. Womack, Tex.Civ.App., 274 S.W. 175; Stroud v. Pechacek, Tex.Civ.App., 120 S.W.2d 626; Trinity-Universal Ins. Co. v. Maxwell, Tex. Civ.App., 101 S.W.2d 606.

■ The findings of fact heretofore set out, and other findings of the trial court, established all the essential elements necessary to a recovery by the plaintiff, and amply support the judgment rendered. We have given careful attention to the statement of facts and are of the opinion the evidence supports the findings of the court. Although there was some evidence of other sales of stock in the same Company at approximately $12.50 per share, the record as a whole supports the finding of the court that the stock was actually worth no more than 40¢ per share, and that defendant's representations were made as to actual value.

■ Defendant was, at the time of the transaction, president of the Company which issued the stock. He knew the condition of the Company, its assets, liabilities,

etc. He was in position to know the real value of the stock. Under the circumstances, plaintiff was justified in relying on defendant's representations as to actual value of the stock and upon discovering its true value as found by the trial court, he was entitled to seek redress. Harris v. Sanderson, Tex.Civ.App., 178 S.W.2d 315; Barber v. Keeling, Tex.Civ.App., 204 S.W. 139.

Defendant's points 2, 3, 4 and 5 attack rulings of the court on admission of evidence. We find no error such as was calculated to cause and probably did cause the rendition of an improper judgment. The points are overruled. Rule 434, Texas Rules of Civil Procedure.

The last point insists there was not sufficient testimony to support a finding of rental value of the real estate in question.

The evidence was undisputed that the property was renting for $105 per month. In the absence of any other evidence as to reasonable rental value, the above was sufficient to establish such value. 27 Tex.Jur., p. 88.

Judgment affirmed.