**EAGLE PROPERTIES, LTD.,
et al., Appellants,**

v.

**Clarence SCHARBAUER,
Jr., et al., Appellees.**

**No. 08–88–00033–CV.**

Court of Appeals of Texas,
El Paso.

Sept. 25, 1991.

Rehearing Overruled Oct. 16, 1991.

560

Hon. Bill G. Alexander, Law Offices of Bill Alexander, P.C., Odessa, Bruce Stephen Powers, W. James Kronzer, Law Offices of W. James Kronzer, Houston, James E. Ingram, Butler & Binion, San Antonio, Ray Stoker, Jr., Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for appellants.

John O'Neill, Porter & Clements, Michael D. Kirby, Porter & Clements, Houston, K.R. Washington, Godwin, Carlton & Maxwell, David J. White, Godwin, Carlton & Maxwell, John H. McElhaney, Locke Purnell Rain Harrell, Michael V. Powell, Locke Purnell Rain Harrell, Dallas, Robert J. Kheel, Willkie, Farr & Gallagher, New York City, David T. Hedges, Vinson & Elkins, Houston, William B. Browder, Jr.,

Stubbeman, McRae, Sealy, Laughlin & Browder, Midland, Bruce A. Budner, Johnson & Budner, Dallas, James W. Paulsen, Liddell, Sapp, Zivley, Hill & LaBoon, Houston, James P. Boldrick, Boldrick & Clifton, Midland, Jimmie B. Todd, Todd, Barron & Thomason, P.C., Odessa, Jess Hall, Jr., Lidell, Sapp, Zivley, Hill & LaBoon, Houston, for appellees.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION ON REMAND

FULLER, Justice.

This case was remanded to us by our Texas Supreme Court for a determination of the applicability of the statute of limitations to Appellants' cause of action.

We hold that Appellant Branum's claims, other than fraud, against Texas Commerce and Peat Marwick are barred by the two-year statute of limitations.

## UNDERLYING FACTS

This protracted litigation revolves around the sale of the First National Bank Building in Midland, Texas. The sale occurred shortly before disaster struck Midland, Texas, when the oil industry was devastated by the collapse of oil prices. It resulted in the closure of the banking institution known as the First National Bank of Midland (FNBM).

The sale and leaseback of the FNBM building occurred on December 31, 1982. Branum was a stockholder and customer of the FNBM. He also became a general partner in Eagle Properties, Ltd. (Eagle) which was formed to purchase the bank building for $75 million under an agreement to lease it back to the bank for a substantial lease payment covering a three-year period. The $75 million purchase price was paid by the Eagle partners by executing $25 million in notes to FNBM. In addition, two unfunded letters of credit in the amount of $25 million each were issued by Texas Commerce Bank and Inter-First Bank. The letters of credit, one from Texas Commerce Bank and one from Inter-

First were funded in June of 1983. First RepublicBank of Dallas became successor in interest to InterFirst Bank of Dallas, and now on remand, the FDIC has become successor in interest to First RepublicBank of Dallas. Since remand, we have granted the Appellants a dismissal of their cause of action as to First RepublicBank (FDIC).

First National Bank of Midland was closed by federal regulators on October 14, 1983. FDIC instituted suit in federal court against Eagle to collect on the $25 million notes and were successful in obtaining judgment against Eagle. *FDIC v. Eagle Properties, Ltd.*, 664 F.Supp. 1027 (W.D.Tex.1985). Eagle appealed but settled before the federal appeals court made a decision. However, the settlement agreement did not provide for vacating the Federal District Court judgment.

On October 11, 1985, Branum filed his lawsuit in state court against the directors of the First National Bank, Texas Commerce Bank, First RepublicBank and Peat Marwick. On December 30, 1985, by way of intervention, the remaining partners in Eagle Properties (except Tom Brown) joined forces with Branum in the lawsuit. The trial court granted summary judgment for all trial court defendants (Appellees in this Court). We affirmed the judgment of the trial court. *Eagle Properties, Ltd. v. Scharbauer*, 758 S.W.2d 911 (Tex.App.—El Paso, 1988).

Writ was granted. *Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714 (Tex. 1990). This resulted in our judgment being reversed in part, affirmed in part and the case remanded to us for further consideration of:

**[W]hether Branum's claims other than fraud against TCB, First Republic, [now dismissed] and Peat Marwick are barred by the relevant statutes of limitations.** [Emphasis added].

## APPELLANTS' POINTS OF ERROR ON REMAND

- Point of Error No. One asserts the trial court erred in rendering summary judgment.

- Point of Error No. Two asserts the trial court erred in holding that Appellants' claims of negligence and accounting malpractice are subject to a two-year limitation period.
- Point of Error No. Three asserts the trial court erred in holding that Appellees conclusively established their right to summary judgment.

 We find, as a matter of law, that the Appellants' claim against Peat Marwick and Texas Commerce Bank for negligence is governed by the two-year statute of limitations. Also, the two-year statute applies to the DTPA claims. Tex.Bus. & Com. Code Ann. § 17.565 (Vernon 1987); Tex. Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1988 and Supp.1991). *Willis v. Maverick*, 760 S.W.2d 642 (Tex.1988); *Sledge v. Alsup*, 759 S.W.2d 1 (Tex.App.—El Paso 1988, no writ).

 We reaffirm what was stated in our original opinion before remand in regard to the convincing evidence pointing to the fact that Appellants knew or should have known about the unhealthy and disastrous financial condition that FNBM was in. *Eagle Properties, Ltd. v. Scharbauer*, 758 S.W.2d 911 (Tex.App.—El Paso 1988).

The parties involved in Eagle Properties, Ltd. were not only locally prominent but were extremely successful businessmen. The large size of the bank, the small size of the town and the astuteness of the parties involved in Eagle Properties cannot, or at least should not be disregarded.

Those that have resided and done business in small communities can appreciate the fact of how well informed the local business people are as to what is happening in their community without even resorting to media information.

Appellee Peat Marwick, in their brief, at pages 8 through 13, set forth details of the negative news report about FNBM occurring in *The Wall Street Journal, The Midland Reporter–Telegram, Texas Business* and the FNBM proxy statement. Also, reference is made to admissions and statements made by Appellant Branum and other Eagle Properties, Ltd. partners. It is worth mentioning that Branum himself witnessed a run on the First National Bank eight days before the bank was closed. He had even made efforts to shift his own deposits at FNBM to obtain the maximum amount of $100,000.00 FDIC coverage. All such proof was before the trial court and reviewed previously by us.

We continue to support the trial judge's finding that Appellees Peat Marwick and Texas Commerce Bank were entitled to summary judgment. The evidence showed, as a matter of law, that Appellants knew or should have known that prior to October 11, 1983, that the financial condition of FNBM had been misrepresented. Therefore, Appellants' cause of action for negligence and DTPA violations against Appellees was barred by the two-year statute of limitations.

Appellants' Points of Error Nos. One, Two and Three, on remand, are overruled.

## BREACH OF CONTRACT AND/OR PROMISSORY ESTOPPEL

- Point of Error No. Four, on remand, asserts the trial court erred in rendering summary judgment as to Appellants' breach of contract and/or promissory estoppel claims.

 Appellants strongly urge that it has a viable action for breach of contract and/or promissory estoppel against Texas Commerce Bank, wherein the four-year statute of limitations is applicable. We previously held that Appellants' causes of action were for fraud, negligence and DTPA violations. *Eagle Properties*, 758 S.W.2d at 915, 919.

We disagree with Appellants' contention that their pleadings were sufficient to put Appellees on notice of their causes of action for breach of contract and/or promissory estoppel. Nor does Appellants' written response to Appellees' Motion for Summary Judgment urge anything more than the Appellees' "committed common law and statutory fraud, deceptive trade practices, and negligence ...." Furthermore, we note that Appellants, in their Motion for Rehearing, in this Court, never urged or

pointed out to this Court that they had a breach of contract or promissory estoppel claim that had not been addressed.

Appellants' Point of Error No. Four, on remand, is hereby overruled.

## CONCLUSION

As to Peat Marwick, we affirm the judgment of the trial court dismissing Appellants' negligence and DTPA violation claims against Peat Marwick for the reason such claims are barred by limitations.

We also affirm the judgment of the trial court that found that Appellants' claims against Texas Commerce Bank (other than fraud) were barred by limitations.

OSBORN, Chief Justice, concurring.

This is another case which has been placed in "appellate orbit." *Adkins v. State*, 717 S.W.2d 363, 366 (Tex.Crim.App. 1986); 726 S.W.2d 250, 251 (Tex.App.—El Paso, 1987), *affirmed*, 764 S.W.2d 782 (Tex. Crim.App.1988). In that case, a 1982 offense resulted in a final affirmance in 1988 after four appellate opinions. In this case, the alleged causes of action arise from the sale of a bank building on December 31, 1982. Suit was filed October 11, 1985. Summary judgment was entered on December 14, 1987. That judgment was affirmed by this Court in September of 1988. The Supreme Court granted a writ of error on November 1, 1989. The Court's original opinion was delivered on December 19, 1990, and the opinion on Motion for Rehearing on March 27, 1991, more than eight years after the transaction which results in this litigation. Today, we reaffirm our original decision in this case, and it can, after whatever action we take on motion for rehearing, begin its trek back to Austin. Probably no decision by a jury will be made within ten years of the sale of the building.

In this regard, it must be remembered that this is an appeal from a summary judgment. If there is a fact question, there must be a remand to the trial court. If there is no fact question, then any law question can be decided by an appellate court with jurisdiction of the case. Not so,

the law question of which statute of limitations to apply has been remanded to this Court as part of the "appellate orbit". Regardless of the results, the big winners are the appellate attorneys, who sought to avoid this remand, and the big losers are the clients on both sides of the docket.

With all of that behind us, what statute of limitations applies in a negligence case? There is an old proverb that "[a] man convinced against his will is of the same opinion still." In *Anderson v. Sneed*, 615 S.W.2d 898 (Tex.Civ.App.—El Paso, 1981), Opinion on Motion for Rehearing, 618 S.W.2d 388 (no writ), this Court concluded that after the 1979 amendment of Tex.Rev. Civ.Stat.Ann. art. 5526 (Vernon 1958), the four-year statute would be applicable in negligence cases.

In *Willis v. Maverick*, 760 S.W.2d 642 (Tex.1988), the Court held that the jury finding of negligence upon the part of Chilton Maverick was barred by the two-year statute of limitations. Being obligated to do so, this Court in *Sledge v. Alsup*, 759 S.W.2d 1 (Tex.App.—El Paso 1988, no writ) followed the holding in *Maverick*. We are no less obligated to continue to follow that decision today, yet being convinced against my will, I remain of the same opinion still. I believe *Anderson v. Sneed* was properly decided and the dictum as to limitations resulted from a correct analysis of the law at that time. Texas has never had a limitations statute directed at "negligent" conduct. There is a difference between suits for personal injury resulting from negligence and suits for other types of damages resulting from negligence but seldom has the distinction been noted.

If, as the Court said in *First National Bank of Eagle Pass v. Levine*, 721 S.W.2d 287 (Tex.1986), "trespass" includes an act violative of the right of another through which injury is done to his estate or property; did the alleged injury in this case cause injury to the plaintiff's estate? Certainly no property was injured. The question then turns on the definition of "estate" as that term is used in Tex.Civ.Prac. & Rem. Code Ann. § 16.003. We have not found the answer in the *Levine* opinion, the *Mav-*

*erick* opinion nor in *Williams v. Khalaf,* 802 S.W.2d 651 (Tex.1990).

While awaiting the answer, I am obligated to concur.