NUMBER 13-02-292-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

IN THE INTEREST OF C.M.S. AND S.R.L., MINOR
CHILDREN

 



 

                             On appeal from the County Court

                                 of Calhoun
 County, Texas.

 



 

                          MEMORANDUM OPINION

 

                   Before Justices Hinojosa, Castillo, and
Chavez[1]

                                  Opinion by Justice Castillo

 








This is an
appeal from the judgment following a trial to the court in which the parental
rights between appellant and her children, C.M.S. and S.R.L. were terminated.
By two issues, appellant challenges the legal and factual sufficiency of the
evidence to show that she knowingly engaged in conduct or knowingly allowed
others to engage in conduct which endangered the children.  We affirm.  

As this is a
memorandum opinion not designated for publication and the parties are familiar
with the facts, we will not recite them here. Tex.
R. App. P. 47.1.

STANDARD OF
REVIEW

Where a party
appeals from a non-jury trial, it must complain of specific findings and
conclusions of the trial court because a general complaint against a trial
court=s judgment does
not present a justiciable question.  Fiduciary
Mortgage Co. v. City Nat=l Bank of Irving, 762 S.W.2d
196, 204 (Tex. App.BDallas 1988, writ
denied).  In the present case, findings
of facts or conclusions of law were not timely requested or filed.  Thus, we must presume that the trial court
found all fact questions in support of the judgment and affirm the judgment if
we can uphold it on any legal theory that finds support in the evidence.  Lassiter v. Bliss, 559 S.W.2d 353, 358
(Tex. 1977). When a reporter=s record is
brought forward, as in this case, these implied findings are not conclusive and
may be challenged by factual or legal sufficiency points the same as jury
findings or trial court=s findings of
facts.  BMC Software Belgium, N.V. v.
Marchand, 83 S.W.3d 789, 795 (Tex. 2002)(citing Roberson
v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989)).








In evaluating the
legal sufficiency of a termination of parental rights, we apply the standard
for legal sufficiency traditionally applied in civil trials. In re A.L.S., 74
S.W.3d 173,178 (Tex. App.BEl Paso 2002, no pet.
h.)(citing Edwards v. Dep=t of Protective &
Regulatory Servs., 946 S.W.2d 130, 137 (Tex. App.BEl Paso 1997, no
writ)).  We review the legal sufficiency
challenge by viewing the evidence in a light that tends to support the disputed
finding and must disregard all evidence and inferences to the contrary.  Bradford v. Vento, 48 S.W.3d 749, 754 (Tex. 2001).
  Where a party does not bear the burden of
proof at trial, a Ano evidence@ standard of review is
applied.  Hickey v. Couchman, 797
S.W.2d 103, 109 (Tex. App.BCorpus Christi 1990,
writ denied).  Thus to prevail on a legal
sufficiency complaint in a termination case, an appealing parent must
demonstrate that there is no more than a scintilla of evidence to support the
challenged finding.  In re R.D.,
955 S.W.2d 364, 368 (Tex. App.BSan Antonio 1997, pet.
denied).  If there is more than a scintilla of evidence
to support a questioned finding, the Ano evidence@  point fails. 
Formosa
Plastics Corp. USA v. Presidio Eng=rs & Contractors,
Inc.,
960 S.W.2d 41, 48 (Tex. 1998).








The standard of review
for factual sufficiency of the evidence in a case involving the termination of
parental rights is Awhether the evidence
is such that a factfinder could reasonably form a firm belief or conviction
about the truth of the State=s allegations.@  In re C.H., 45 Tex. Sup. Ct. J. 1000,
1005, 2002 Tex. LEXIS 113 (July 3, 2002). 
This is a heightened standard of review, compared with that applied to
an appeal stemming from a traditional civil trial.  Id. 
ATermination findings
must be upheld against a factual sufficiency challenge if the evidence is such
that a reasonable jury could form a firm conviction or belief that grounds
exist for termination.@  Id. at 1000.  Unlike our review for legal sufficiency, we
must review all the evidence in conducting a factual sufficiency review.  Id. at 1008.

As to both
reviews, because the involuntary termination of parental rights interferes with
fundamental constitutional rights, we must strictly scrutinize the termination
proceedings.  Holick v. Smith, 685
S.W.2d 18, 20 (Tex. 1985); In
re  G.M., 596 S.W.2d 846, 846 (Tex. 1980).

SUFFICIENCY OF
THE EVIDENCE

A court may
order the involuntary termination of the parent-child relationship under
section 161.001 of the family code if it finds clear and convincing evidence[2]
of two factors:  (1) that the parent has
violated any one of the statutory grounds set forth in section 161.001(1); and
(2) that termination is in the best interest of the child.  Tex.
Fam. Code Ann. '161.001 (Vernon 2002);
Richardson v. Green, 677 S.W.2d 497, 499 (Tex.
1984)(interpreting predecessor statute); Hann v. Tex. Dep=t of Protective
& Regulatory Servs., 969 S.W.2d 77, 81 (Tex.BEl Paso 1998,
pet. denied).  Appellant does not
challenge the sufficiency of the evidence as to the Abest interest
of the child@ factor, but
focuses solely on the sufficiency of the evidence to support the required
finding of a statutory ground under section 161.001(1).  Tex.
Fam. Code Ann. '161.001(1)(Vernon 2002).













In the present
case, the trial court found that clear and convincing evidence established
grounds for termination under two subsections of 161.001(1), namely subsection
(D) and subsection (E).[3]
Tex. Fam. Code Ann. ''161.001(1)(D), (1)(E) (Vernon 2002). 
In her two issues, appellant argues that the evidence was legally and
factually insufficient to support a finding under family code section
161.001(1)(E) that she had knowingly engaged in conduct or knowingly allowed
others to engage in conduct which endangered the children=s physical or
emotional well-being.[4]  Appellant does not, however, challenge the
sufficiency of the evidence to support the trial court=s finding under
section 161.001(D) that she knowingly placed or allowed the children to remain
in conditions or surroundings that endangered the physical or emotional
well-being of the children.[5]


Where a trial
court finds more than one ground for termination under section 161.001(1), and
an appellant fails to challenge all of the section 161.001(1) findings of
grounds for termination, any error made regarding the challenged findings under
section 161.001(1) is harmless as the decree of termination would still be
supported by the unchallenged findings.  In
re K.C., 23 S.W.3d 604, 607 (Tex. App.BBeaumont 2000,
no pet.); Segovia v. Tex. Dep=t of Protective
& Regulatory Servs., 979 S.W.2d 785, 787 (Tex. App.BHouston [14th
Dist.]1998, pet. denied).  Accordingly,
in the instant case, regardless of the sufficiency of the evidence to support
the trial court=s finding under
section 161.001(1)(E), which appellant challenges, the decree of termination
would still be supported by the trial court=s unchallenged finding under section
161.001(1)(D) and this alone would be sufficient to overrule both of appellant=s issues on
appeal.[6]  








Nevertheless,
we do find that the evidence was legally and factually sufficient to support
the trial court=s finding as to
both sections 161.001(1)(D) and 161.001(1)(E). 
In doing so, we are mindful of the difference in proof required to
support a finding based on subsection (D) versus that required to support a
finding under subsection (E). 








Subsection (D)
refers only to the acceptability of a child=s living conditions or surroundings, not
the conduct of the parent toward the child.  In re S.H.A., 728 S.W.2d 73, 84 (Tex. App.BDallas 1987,
writ ref=d n.r.e.).  Under subsection (D), it must be the environment
itself,[7]
which causes the child=s physical or
emotional well-being to be endangered, not the parent=s conduct.[8]
 Id. at 84-85.  Thus subsection (D) can only be utilized
as a ground for termination if the child is placed in conditions or
surroundings that are themselves dangerous to his or her physical or emotional
well-being; parental conduct alone is insufficient under this subsection.  See In re T.L.H., 630 S.W.2d
441, 446 (Tex. App.BCorpus Christi
1982, writ dism=d w.o.j.)
(interpreting predecessor statute with identical language).  The environment
must pose a real threat of injury or harm to the child, Williams v. Tex. Dep=t of Human
Servs.,
788 S.W.2d 922, 926 (Tex. App.BHouston [1st
Dist.]1990, no writ), overruled on other grounds, In Re J.N.R, 982
S.W.2d 137, 143 (Tex. App.BHouston [1st
 Dist.] 1998, no pet.), and there
must be proof of a direct causal connection between the environment the child
is placed or allowed to remain in and the resulting danger to the child=s physical or
emotional well-being in order for termination to be warranted under subsection
(D).  Ybarra v. Tex. Dep=t of Human
Servs.,
869 S.W.2d 574, 577-78 (Tex. App.BCorpus Christi
1993, no writ); In re S.H.A., 728 S.W.2d at 85.  However, it is not necessary for the parent
to have certain knowledge that an actual injury is occurring; it is enough that
the parent be aware of the potential for danger to the child in such
environment and disregarded that risk.  In
re Tidwell, 35 S.W.3d 115, 119-20 (Tex. App.BTexarkana 2000,
no pet.).








By contrast,
when reviewing a finding under subsection (E), the focus is exclusively on the
parent=s conduct,
not the child=s environmental
surroundings.  In re P.S., 766
S.W.2d 833, 835 (Tex. AppBHouston [1st
Dist.] 1989, no writ).   Subsection (E)
does not require that there be danger of physical harm; proof of conduct that
endangers a child=s emotional
well-being alone is sufficient. Tex.
Fam. Code Ann. '161.001(1)(E)(Vernon
2002);  In re S.H.A., 728 S.W.2d
at 85.  The cause of the danger to
the child=s physical or
emotional well-being, however, must be the parent=s conduct by way of actions, inactions, or
omissions.[9]
Id.  Yet the specific danger to the
child=s well-being
need not be established as an independent proposition, but may be inferred from
parental misconduct.  Tex. Dep=t of Human
Servs. v. Boyd, 727 S.W.2d 531, 533 (Tex. 1987).  Furthermore, it is not necessary that the
conduct be directed at the child at issue[10]
or that the child actually suffered injury. 
Id.  AEndanger@ in this
context means Ato expose to
loss or injury; to jeopardize.@  Id. 
Thus, there is no requirement of any Aactual and concrete@ threat of
injury to the child=s physical and
emotional well-being.  Id.; Dir. of Dallas County Child
Protective Servs. v. Bowling, 833 S.W.2d 730, 733 (Tex. App.BDallas 1992, no
writ).  Rather, subsection (E) is
satisfied simply by proof that a parental course of conduct endangered a child=s physical or
emotional well-being.  Boyd, 727
S.W.2d at 534; In re R.D., 955 S.W.2d 364, 368 (Tex. App.BSan Antonio
1997, pet. denied); Bowling, 833 S.W.2d at 733.








On appeal,
appellant argues that there is no evidence that appellant either abused the
children herself or knew that any sexual abuse was taking place.  She also argues that there is no proof that
her acts or failure to act resulted in any actual harm or danger of harm to her
children.  

In reviewing the
legal sufficiency of the evidence, we consider only the facts that support the
finding of the trial court, viewing the evidence in a light that tends to support the finding,
disregarding all evidence and inferences to the contrary and affirming the
finding if there is at least a scintilla of evidence in support of such
finding.[11]
 Bradford, 48 S.W.3d at 754.  Reviewing the evidence in this case under
that standard, we note that the evidence at trial which supported the findings
of the trial court included the following:[12]  

(1)
Pornographic movies were available in the home;

 

(2) Minors,
including both C.M.S. and S.R.L., were allowed to watch pornographic videos at
appellant=s home with
appellant.  Appellant frequently invited
another minor to watch pornographic movies and smoke marihuana with her in the
home;

 

(3) C.M.S. was
disturbed by her mother=s invitation to
watch pornographic videos together;








(4) According to
a psychologist who interviewed the children, the viewing of pornographic videos
with their mother was harmful to the children=s emotional well-being, and a safe and
healthy environment had not been provided for the children;

 

(5)There was
regular drinking and marihuana smoking in the house; 

(6) Appellant
made alcohol and marijuana available to minors in the home;

 

(7) Appellant
was aware that one of her boyfriends exposed himself to a minor in her home
while propositioning the minor but allowed the boyfriend to remain in the
home.  The boyfriend sexually assaulted
the minor later that same night in appellant=s bed. The boyfriend was in appellant=s home the next
night and sexually assaulted the minor again. Appellant found the minor in bed
with the boyfriend once;

 

(8) S.R.L.
stated that he had heard his mother, her boyfriend and a minor female relative
having sex in his mother=s room;

 

(9) C.M.S.
stated that she was sexually assaulted by a non-relative adult several times,
at least once in her home, and told her mother and her mother said not to do it
again;

 

(10) C.M.S.
stated that she was sexually assaulted twice by a male relative and her mother
was in the room laughing during one incident;

 

(11) C.M.S.
told her mother that she was being sexually assaulted by the male relative and
her mother did not want to talk about it;

 

(12) One
assault of C.M.S. occurred when she was specifically left in the male relative=s care while
the male relative=s mother was
out of the house. There was also testimony from a child relative that  S.R.L. was also assaulted on that same
occasion by other relatives, while in the care of the male relative;

 

(13) The male
relative who gave a confession to sexually assaulting C.M.S., among other
female relatives, stated in that confession that appellant told him that her
father, who had sexually assaulted her, was sexually assaulting C.M.S. and
another minor girl; and,

 








(14) Although
appellant was sexually assaulted by her father, he visited her home and her children
were around him in her home and in other relatives= homes where
she left them or permitted them to visit. 
Appellant stated at trial that she believed her father had had Asex with these
children.@  On one occasion when C.M.S. was visiting at a
home which she was allowed to frequent, and where she was often left in the
care of others, she saw appellant=s father
sexually assaulting her aunt.

We find this to be more than a scintilla of evidence that
appellant knowingly placed and allowed her children, C.M.S. and S.R.L., to
remain in conditions or surroundings which endangered their physical or
emotional well-beings and also that she engaged in conduct and knowingly placed
the children with persons who engaged in conduct which endangered their physical
and emotional well-being.  We therefore
find the evidence legally sufficient to support the trial court=s findings as
to sections 161.001(1)(D) and 161.001(1)(E). 













As for the
factual sufficiency of the evidence, we must determine whether the trial court
could have reasonably
formed a firm conviction or belief that grounds existed for termination.[13]  In re C.H., 45 Tex. Sup. Ct. J.  at 1005.  In doing so, we must consider all the evidence
submitted, not just that supporting the trial court=s
findings.  Id. at 1008.  We note that the evidence in the instant case
was hotly contested: appellant denied endangering the children in any way or
being aware of any sexual abuse; the male relative who confessed that he
sexually assaulted C.M.S. recanted his confession on the stand; and the
children=s testimony was
often vague, occasionally confused, sometimes bizarre and, in some cases,
contradictory.  Appellant acknowledges
that there is evidence supporting the trial court=s finding but argues that the evidence was
contradicted or conflicting and does not rise to the level necessary to be held
factually sufficient.  However, it is not
necessary that the evidence be unequivocal or undisputed in order to be clear
and convincing.  Doria v. Tex. Dep=t of Human
Resources,
747 S.W.2d 953, 955 (Tex. App.BCorpus Christi
1988, no writ)(citing State v. Addington, 588 S.W.2d 569, 570 (Tex. 1979)).  Moreover, in reference to credibility determinations,
such judgments are in the province of the fact finder and we must defer to the
factfinder=s resolution of
such issues.[14]  In re M.E.C., 66 S.W.3d 449, 455 (Tex.
App.BWaco 2001, no
pet.); see also In re L.R.M., 763 S.W.2d 64, 68 (Tex. App.BFort Worth
1989, no writ)(noting that Athe jury
decides@ what testimony
is credible where there is conflicting testimony).  In determining the factual sufficiency of the
evidence, Awe may not
interfere with the factfinder=s resolution of
conflicts in the evidence or pass on the weight or credibility of the witnesses= testimony.@  In re B.R., 950 S.W.2d 113, 121 (Tex.
App.B El Paso 1997,
no writ)(citing Benoit v. Wilson, 150 Tex. 273, 239
S.W.2d 792, 796 (1951)).

In light of the
stated standards, after reviewing all of the evidence in this case, and giving
due deference to the factfinder=s
determinations as to credibility and the resolutions of conflicts in the
evidence, we find the evidence factually sufficient as to both grounds.  As to subsection (D), we observe that Ainappropriate,
debauching, unlawful or unnatural conduct of persons who live in the home of a
child, or with whom a child is compelled to associate on a regular basis@ are Ainherently part
of the >conditions and
surroundings=@ of the child
and that the provisions of subsection (D) were Amanifestly designed to protect children
against just such an environment.@  In re B.R., 822 S.W.2d 103, 106 (Tex.
App.BTyler 1991,
writ denied).[15]  We find that the trial court could have reasonably
formed a firm conviction or belief in the instant case that grounds existed for
termination under
subsection (D).     








In regard to
subsection (E), much argument has been directed in this case as to whether and
when appellant knew of the alleged sexual abuse of C.M.S. by an adult cousin
and whether, after the point of knowledge, if any, appellant by some act,
failure to act or omission, then endangered the children.  As we have noted, we must defer to the factfinder as to the resolutions of
credibility and conflicts in testimony.  In re M.E.C., 66 S.W.3d at 455; In re
B.R., 950 S.W.2d at 121; In re L.R.M., 763 S.W.2d at 68.  However, even wholly discounting the alleged
sexual abuse of C.M.S. and appellant=s contested actions,
inactions, or omissions relative to it, we find that the evidence of appellant=s conduct as
otherwise testified to at trial was, in itself, sufficient for the factfinder
to form a firm belief or conviction that grounds existed for termination under
subsection (E).  Accordingly, we find the evidence
factually sufficient to support the trial court=s findings as
to both section 161.001(1)(D) and section 161.001(1)(E). 

Conclusion

As we have
found the evidence both factually and legally sufficient, we overrule both of
appellant=s issues and
affirm the judgment of the trial court terminating the parent-child
relationship.  

 

ERRLINDA CASTILLO

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 31st day of
October, 2002.











[1]
Retired Justice Melchor Chavez
assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to Tex. Gov=t Code Ann. '74.003
(Vernon
1998). 





[2]
AClear and
convincing evidence@ is defined as
the measure or degree of proof that will produce in the mind of the trier of
fact a firm belief or conviction about the truth of the allegations sought to
be established.  Tex. Fam. Code Ann. '101.007
(Vernon 2002).  This standard is an
intermediate one, higher than the preponderance of the evidence standard
applied in civil cases but lower than the reasonable doubt standard used in
criminal cases.  In re G.M., 596
S.W.2d 846, 847 (Tex.
1980); Doria v. Tex.
Dep=t of Human
Resources, 747 S.W.2d 953, 955 (Tex. App.BCorpus
Christi 1988, no writ).





[3]
The Texas Department of Protective and Regulatory Services alleged in its
petition for termination that termination of the parent-child relationship was
in the children=s best interest
and that appellant had committed one or more of the following acts or omissions
under section 161.001(1) of the family code:

 

(D)
knowingly placed or knowingly allowed the children to remain in conditions or
surroundings which endanger the physical or emotional well-being of the
children;

 

(E)
engaged in conduct or knowingly placed the children with persons who engaged in
conduct which endangers the physical or emotional well-being of the children.

 

See Tex. Fam. Code Ann. '
161.001(1)(D), (1)(E) (Vernon 2002).  


 

The trial court found sufficient evidence to support both allegations.





[4]
Appellant=s two issues
read: 

 

Appellant
states, as the grounds for her appeal, that the evidence submitted to the trial
court was legally insufficient to support a finding that Appellant had
knowingly engaged in conduct or knowingly allowed others to engage in conduct
which endangered the children.  

 

Appellant
further states that the evidence submitted was factually insufficient to
support a finding that Appellant had knowingly engaged in conduct ore (sic)
knowingly allowed others to engage in conduct which endangered the children.

 

While appellant=s
issues do not specifically refer to section 161.001(1)(E) in the body of their
recitation, they appear to be an attempt to track the language of section
161.001(1)(E).  See Tex. Fam. Code Ann. '161.001(1)(E)(Vernon
2002)(Aengaged in
conduct or knowingly placed the child with persons who engaged in conduct which
endangers the physical or emotional well-being of the child@).





[5]
Aside from not challenging this ground in a listed issue as required by the appellate
rules, appellant provides no arguments, record cites, or authorities addressing
this finding.  See Tex. R. App. P. 38.1(e),(f),(h).  Only two references to this finding occur in
the entire brief B first, in the
description of the procedural history of the case (noting that the trial court
made such finding) and, secondly, in the prayer, in which appellant asks this
Court to find the evidence factually and legally insufficient to support such
finding.             A contention which is neither listed as an issue, nor
briefed, but only raised in a prayer is not properly before this Court for
review.  See Tex. R. App. P. 38.1(e),(f),(h); see
also In re T.T., 39 S.W.3d 355, 362 n.5 (Tex. App.BHouston
[1st Dist.] 2001, no pet.)(refusing to address an appellant=s
contention that the evidence was insufficient to support the termination of his
parental rights when such contention was not briefed but raised only in his
prayer).





[6]
However, in the interest of justice, because of the nature of the proceedings,
we address both of appellant=s
listed points challenging the trial court=s
finding under section 161.001(1)(E) and also her unraised issue as to the trial
court=s finding under
section 161.001(1)(D).  We do so in order
to eliminate the possibility of remand for their consideration which would send
into Aappellate orbit@
a case involving the lives and futures of children whose need for permanency is
particularly acute.  See Bourgeois
v. Collier, 959 S.W.2d 241, 245 n.2 (Tex. App.BDallas
1997, no writ)(citing Eagle Props., Ltd. v. Scharbauer, 816 S.W.2d 559,
563 (Tex. App.BEl Paso 1991,
writ denied)(Osborn, C.J., concurring))(explaining reason for addressing issues
which normally would not have been addressed).





[7]
Environment in this context, however, is not limited to a physical environment
such as housing or living conditions.  AConditions
or surroundings@ for the
purposes of subsection (D) includes also the environment produced by the
conduct of parents or others.  In re
W.S., 899 S.W.2d 772, 776 (Tex. App.BFort
Worth 1995, no writ)(interpreting predecessor statute with same language);
see also D.O. v. Tex. Dep=t
of Human Servs., 851 S.W.2d 351, 354 (Tex. App.BAustin
1993, no writ)(finding that evidence of a child=s
residence in an unstable household, where violence frequently occurred and
where ex-felons engaged in ongoing criminal activity resided, was sufficient to
sustain termination based on finding that parent allowed child to remain in
surroundings that endangered her physical or emotional well-being); In re
B.R., 822 S.W.2d 103, 106 (Tex. App.BTyler
1991, writ denied)(holding that abusive or violent conduct by a parent or other
resident of a child=s home can
produce an environment which endangers a child=s
physical or emotional well-being); Smith v. Sims, 801 S.W.2d 247, 251
(Tex. App.BHouston [14th
Dist.] 1990, no writ)(determining that where father fled to home where his
children were staying, after he had killed their mother, and held them and
their grandparents as hostages at gunpoint for three days until they were
rescued by the local SWAT team, father had put his children in an environment
that had endangered their physical and emotional well-being).





[8]
When reviewing a finding under this subsection, evidence regarding a parent=s
conduct is generally Arelevant only
to the issue of whether a parent Aknowingly@
placed or allowed the child to remain in certain Aconditions
or surroundings@ that
endangered the child=s physical or
emotional well-being.  In re P.S.,
766 S.W.2d 833, 835 (Tex. App.BHouston
[1st Dist.] 1989, no writ).  However, the
conduct of a person or persons, parents or otherwise, may certainly create an
environment which is a danger to a child, as noted in footnote 6. 





[9]  The conduct of others may be relevant under
section 161.001(1)(E) where it is alleged that the parent knowingly placed the
child with persons that engaged in conduct that endangered the child, but only
in the context of determining whether the parent endangered the child by
knowingly placing the child with such persons. 
It is the parent=s
action in knowingly placing the child with such persons which
is the ultimate cause of the danger to the child and is the basis for the
termination of the parental rights in such circumstances. See Tex. Fam. Code Ann. '161.001(1)(E)(Vernon
2002).





[10]
Nor, if the conduct in question is directed at another, is it necessary that
the child at issue be present  or witness
the conduct.  Dir. of Dallas
 County
Child Protective Servs. v. Bowling, 833 S.W.2d
730, 733 (Tex. App.BDallas 1992, no
writ).  





[11]
Appellant argues that the Supreme Court Adefined
the standard to be applied in reviewing only issues of legal sufficiency@
in its recent decision of In re C.H. and sets out the same in her legal
sufficiency argument.  In re C.H.,
45 Tex.
Sup. Ct. J. 1000, 2002 Tex. LEXIS 113 (July 3, 2002)
We decline to apply the standard set out In re C.H. to our legal
sufficiency review as the supreme court in that case explicitly and exclusively
dealt with the appellate standard appropriate to a review of the factual
sufficiency of the evidence.  Id.
at 1000 (AWe are asked to decide the
appropriate appellate standard to review the factual sufficiency of the evidence
in parental termination cases . . . A).





[12]
In a sufficiency review, we may consider any unobjected-to hearsay in making
our determinations.  In re W.C.,
56 S.W.3d 863, 870 (Tex.
App.BHouston [14th
Dist.] 2001, no pet.)(citing Tex. R.
Evid. 802).  We may also consider
circumstantial evidence.  In re S.H.A.,
728 S.W.2d 73, 86 (Tex. App.BDallas
1987, writ ref=d
n.r.e.)(dealing with predecessor statute).





[13]
Appellant suggests that we review the factual sufficiency of the evidence under
the standard set out in Bose Corp. v. Consumers Union of the United States,
Inc., 466 U.S. 485 (1984), asserting that the supreme court in In re
C.H. did not set out a standard for factual sufficiency but referred
instead to the Bose standard. 
Appellant then cites us to the Ahighly
probable@ standard
enunciated by the El Paso court of appeals in In re B.R., 950 S.W.2d
113, 119 (Tex. App.BEl Paso 1997,
no writ).  As previously discussed, In
re C.H. specifically sets out the standard for factual sufficiency to be
used in termination cases and we will apply that standard of review.  See In re C.H., 45
Tex. Sup. Ct. J.  at 1005.  We note also that the supreme court
specifically rejected the Ahighly
probable@ formulation of
In re B.R. in that same decision.  Id. at 1006 (AWe
also disapprove of the test . . . that a court of appeals must whether a
reasonable trier of fact could conclude that the existence of a disputed fact
is Ahighly probable@
See . . . In re B.R., 950 S.W.2d 113, 119 (Tex. App.B
El Paso 1997, no writ) . . . Because some could argue that evidence that makes
the existence of a fact Ahighly probable
is not necessarily the same as evidence that produces a firm conviction
in the existence of a fact, we reject the Ahighly
probable@ formulation.@)(emphasis
in original). 





[14]
We note that the supreme court has not passed on the question of whether
termination proceedings, because of the nature of the rights involved, require
a higher level of scrutiny, namely, a de novo review with limited
deference to the factfinder.  See In
re C.H., 45 Tex. Sup. Ct. J.  at
1008. (Hecht, J., concurring)(noting that the
court did not address this issue, even though raised by respondent, because it
was unnecessary to the resolution of the appeal, but opining that it might be
necessary for the court to address it in the future).  We therefore apply the traditional deference
standard applicable to a factual sufficiency review of civil proceedings.  See Maritime Overseas Corp. v. Ellis, 971
S.W.2d 402, 407 (Tex.
1998)(AThe court of
appeals is not a fact finder. Accordingly the court of appeals may not pass
upon the witnesses= credibility or
substitute its judgment for that of the jury, even if the evidence would
clearly support a different result.@)





[15]
See also In re Tidwell, 35 S.W.3d 115, 119-20 (Tex. App.BTexarkana
2000, no pet.)(finding that home where relatives who had been accused of
multiple sexual assaults lived, where appellant=s
father, who had sexually assaulted appellant lived, and which home was also
nearby other relatives= homes who were
likewise accused of sexual assaults and whose homes the children were allowed
to frequent without supervision, was a dangerous place, sustaining finding
under subsection (D)).