**Norma Jean VOSS, Individually and d/b/a Lake Livingston Builders, Appellant,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, Appellee.**

No. 17781.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 20, 1980.

Rehearing Denied Dec. 18, 1980.

Tom Brown, Bush, Hightower and Jones, Livingston, for appellant.

Gary L. Murphree, Urban & Coolidge, Houston, for appellee.

WALLACE, Justice.

This is an appeal of a suit on a sworn account. Judgment was for Southwestern Bell Telephone Company, the plaintiff, following trial to the court.

Appellant contends that the trial court erred in admitting into evidence a computer print-out showing the services for which appellant was billed and the amount charged. Appellant also contends that there was insufficient evidence to support the judgment.

The crux of this case is the requirements necessary for admission of computer print-out business records into evidence. Appellant contends that in addition to the elements set out in Article 3737e V.A.T.S., one must prove that the particular computer equipment used is recognized as standard equipment and that the records are prepared by persons who understood the operation of the equipment and whose regular duty was to operate it.

The above requirements were enunciated by the Austin Court of Civil Appeals in

*Railroad Commission v. Southern Pacific Company*, 468 S.W.2d 125, 129 (Tex.Civ. App.—Austin 1971, writ ref'd n. r. e.). However, in refusing writ of error with the notation "no reversible error," the Supreme Court expressly stated that it was not passing upon the holding of the Austin Court of Civil Appeals as to the admissibility of the computer print-out. Our court reiterated those requirements in *O'Shea v. International Business Machines Corporation*, 578 S.W.2d 844 (Tex.Civ.App.1979, writ ref'd n. r. e.). In *O'Shea* there was no evidence of any attempt to comply with Article 3737e, and our comment as to the admissibility of the computer print-out was dictum.

The legislature has determined the requirements for admissibility of business records, and those requirements are set out in Article 3737e. Those requirements are:

(a) It was made in the regular course of business;

(b) It was the regular course of that business for an employee or representative of such business with personal knowledge of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record;

(c) It was made at or near the time of the act, event or condition or reasonably soon thereafter.

The legislature did not see any necessity for additional requirements where the records sought to be introduced into evidence were electronically produced. Once the requirements as above set out are met the records are admissible and are to be given whatever weight they are entitled to.

Mr. Todd, the appellee's witness, testified that he was supervisor of the billing department for appellee, that the bills in question were prepared in the regular course of business of appellee by employees with personal knowledge of the entries, and that they were prepared at or near the time of the events reflected therein. A question usually faced by trial courts when called upon to rule on the admissibility of electronically produced records is whether the informa-

tion is stored in a computer for long periods of time and statements such as the exhibits in question are printed as needed, or whether the information is fed into the computer and the invoices are printed in one operation. This question is preliminary to determining if the exhibits sought to be introduced are prepared at or near the time of the events reflected therein. Mr. Todd's testimony that employees with knowledge of the transaction supplied information to the controller's office and that the exhibit in question was prepared at or near the time of the event reflected in the exhibits is the only evidence on that point, and we cannot speculate that the facts may have been otherwise. This testimony of Mr. Todd supplied the requirements of Article 3737e, so the exhibits were admissible. The lack of knowledge of Mr. Todd as to the type of computer used, its acceptability in the community and the expertise of the operator of the equipment are all matters that go to the weight of the evidence, not the admissibility.

The records were admissible, and once admitted they were sufficient to prove the judgment. The judgment of the trial court is affirmed.

COLEMAN, C. J., and DOYLE, J., also sitting.