Jerry HUTCHINSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–81–153–CR.

Court of Appeals of Texas,
Waco.

Aug. 26, 1982.

Roland M. Searcy, Jr., Bryan, for appellant.

Travis B. Bryan, III, Dist. Atty., Carolyn L. Ruffino, Asst. Dist. Atty., Bryan, for appellee.

HALL, Justice.

Appellant Jerry Hutchinson was convicted of theft of property of the value of more than $200.00 and less than $10,000.00. His punishment was assessed at imprisonment for five years and a fine of $500.00, and he was granted probation. This appeal resulted.

The evidence established that appellant had stolen 1,294 gallons of premium gasoline from the computer-operated dispensing equipment of Foremost Petro Chemical Transport by using a key card issued to appellant for his use as a gasoline transport driver for Broach Oil Company. A part of the state's proof consisted of a computer printout record verifying that the missing gasoline was dispensed by the use of the key card issued to appellant. This record was offered and admitted, over appellant's objection, under the following business records exception to the hearsay rule set forth in Vernon's Tex.Civ.St., art. 3737e:

Section 1. A memorandum or record of an act, event or condition shall, insofar as relevant, be competent evidence of the occurrence of the act or event or the existence of the condition if the judge finds that:

(a) It was made in the regular course of business;

(b) It was the regular course of that business for an employee or representative of such business with personal knowledge of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record;

(c) It was made at or near the time of the act, event or condition or reasonably soon thereafter.

Appellant does not contend that the predicative requirements of article 3737e were not met in our case. Rather, he contends in his single ground of error that a proper predicate for the admission of a computer printout should also require a showing that the computer was functioning properly on the date of the printout and that it had been tested and was working properly prior to that date. Although we do not find an appellate decision on this question in a criminal case, the decisions on the question in civil cases are against appellant's position. *Voss v. Southwestern Bell Telephone Company,* 610 S.W.2d 537, 538 (Tex.Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Wenk v. City National Bank,* 613 S.W.2d 345, 350 (Tex.Civ.App.—Tyler 1981, no writ). They hold that computer printout records are admissible where the requirements of article 3737e set out above are met, and they reflect the view that if the Legislature had deemed other requirements necessary for the introduction of electronically produced records they would have been added when the statute was amended in 1969 and 1973. We follow these holdings in our case, believing the elements sought by appellant go to the weight of the evidence and not to its admissibility. See also, Note, 24 Baylor L.Rev. 161 (1972).

Appellant's ground of error is overruled, and the judgment is affirmed.