Mary C. WILLIAMS, Appellant,

v.

CULLEN CENTER BANK & TRUST, Appellee.

No. 01–830–0641–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 17, 1984.

Rehearing Denied June 14, 1984.

Meyer Jacobson, Houston, for appellant.

Craig E. Power, Margraves, Schueler & Parker, Dan G. Hoffman, Margraves, Schueler & Parker, Houston, for appellee.

Before BASS, WARREN and COHEN, JJ.

## OPINION

BASS, Justice.

This is an appeal from a summary judgment entered in favor of Cullen Center Bank & Trust against appellant for $4,242.29, owed as a result of an overdraft on appellant's joint checking account, and for $1,600 in attorney's fees.

We affirm the trial court's judgment.

In her first point of error, appellant contends the trial court erred in granting summary judgment inasmuch as the proof failed to show that the affiant, Harold Thompson, a vice president and cashier at Cullen Center Bank, had personal knowledge of appellant's account and overdraft. Mr. Thompson's affidavit, attached to the bank records concerning the appellant's account, stated that it was his duty as vice-president and cashier to supervise the entire deposit and collection process and the preparation of the bank's statements for all its customers. He further stated that he performed these duties for all accounts at the bank, including the account in issue.

■ Appellant argues this affidavit is insufficient to prove the witness's personal knowledge of the appellant's account and is incompetent summary judgment evidence. While it is true that the witness's affidavit did not establish his personal knowledge of the appellant's particular account, it did establish his knowledge of the procedures used in posting and statement preparation and thus established his ability to lay the necessary predicate for the admission of the documents as business records. The affidavit set forth all of the prerequisites for admissibility as business records under Tex.Rev.Civ.Stat. 3737e (Vernon Supp. 1984), and they were properly admitted as summary judgment evidence. *Packer v. First Texas Savings Association of Dallas*, 567 S.W.2d 574 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.); See also, *Johnson v. Floyd West & Co.*, 437 S.W.2d 298 (Tex.Civ.App.—Dallas 1969 no writ); *Reserve Ins. Co. v. San Antonio Plumbing Supply*, 391 S.W.2d 41 (Tex.1965).

Appellant's first point of error is overruled.

■ In appellant's second point of error, she contends that the trial court erred in granting summary judgment since her general denial raised a genuine issue as to the ownership of the alleged account. Appellant is correct in her assertion that in certain situations a general denial may raise the issue of ownership. *Sidran v. Tanenbaum*, 391 S.W.2d 93 (Tex.Civ.App.—Dallas 1965, no writ). However, the evidence introduced during the hearing on the motion for summary judgment conclusively established that issue adversely to appellant. Appellant did not file a verified denial regarding the signature which established the ownership of the account, as required under Tex.R.Civ.Pro.R. 93. Since the appellant failed to properly deny the validity of her signature, she was precluded from asserting that defense, and, thus, from challenging the ownership of the account.

Appellant's second point of error is overruled.

■ In appellant's third point of error, she contends that the trial court erred in granting appellee's motion for summary judgment since the pleadings herein do not comply with Tex.R.Civ.P. 185 concerning a suit on a sworn account. It is appellant's contention that the failure to comply with Tex.R.Civ.P. 185 necessitates the production of affirmative proof to establish the appellee's prima facie case. However, appellant incorrectly characterizes this suit as one on a sworn account; it is a contract action controlled by the provisions of the Texas Business and Commerce Code.

Appellant's third point of error is overruled.

■ In appellant's fourth point of error, appellant asserts the trial court erred in rendering summary judgment because the motion for summary judgment failed to state the specific grounds therefore as required by Tex.R.Civ.P. 166–A. Appellee's motion for summary judgment specifically set forth the basis for the suit. This assertion is without merit.

Appellant's fourth point of error is overruled.

In appellant's final point of error, she contends that the trial court erred in granting summary judgment as there were genuine issues of material fact to be decided at trial. Specifically, she asserts that the proof failed to show that she created the overdraft, or had participated in the transaction creating the overdraft. Apparently, appellant's argument concerns whether the terms of their contract on the signature card and the provisions of the Texas Business and Commerce Code render her liable for the transaction creating the overdraft. This is a legal, not a factual, issue which was determined by the trial court's interpretation of the contract, and the applicable provisions of the Texas Business and Commerce Code. There are no factual issues presented which requires determination by a trier of fact.

Appellant's fifth point of error is overruled.

The trial court's judgment is affirmed.