**Maria Antonia LONGORIA, et al., Appellants,**

v.

**GREYHOUND LINES, INC., et al., (Sentry Insurance, A Mutual Company), Appellees.**

**No. 04–83–00604–CV.**

Court of Appeals of Texas, San Antonio.

Oct. 9, 1985.

Scott A. Sowell, A.J. Hohman, Jr., Hope, Henderson, Hohman & Georges, San Antonio, for appellants.

Michael Black, San Antonio, for appellees.

Before BUTTS, CANTU and TIJERINA, JJ.

## OPINION

CANTU, Justice.

This appeal arises from a judgment adverse to the plaintiffs' claim for benefits under an uninsured motorist policy. The trial court found that the policy had lapsed and so no coverage was provided. The evidence supports the trial court's findings that the insured failed to accept the insurer's offer to renew the policy, thus it terminated for nonpayment of the premiums. We affirm.

Two major issues are raised by this appeal: (1) the admissibility of computer produced insurance policy facsimiles; and (2) whether the appellee, Sentry Insurance Company (Sentry) properly cancelled a family automobile policy issued to Sylvia Longoria, or whether the policy terminated by its own terms eliminating the need for cancellation.

The appellants and plaintiffs below, the rightful heirs and representatives of the deceased, Sylvia Longoria, brought suit

against Sentry claiming that Sylvia Longoria (under her former name of Sylvia Rodriguez) had a policy of insurance with Sentry covering her 1976 Mercury Capri automobile. This policy included uninsured motorist liability coverage in the amount of $10,000.00 bodily injury for each person, and $20,000.00 bodily injury liability for each accident. The trial court found that Sylvia Rodriguez (Rodriguez) was fatally injured in a multiple vehicle collision on August 16, 1980, which was caused by the acts of an uninsured motorist.

Sentry refused to pay benefits under the policy, alleging that the policy, number 77–22474–52, had expired for nonpayment of the renewal premium on May 2, 1980. Sentry had initially issued policy number 77–22474–51 to Rodriguez effective beginning August 20, 1979. Rodriguez defaulted on the payments on this policy, and Sentry properly cancelled this policy pursuant to Texas law. On November 2, 1979, Sentry reinstated a policy on behalf of Rodriguez, after payment of the premium. This policy, number 77–22474–52 was to be effective from November 2, 1979 to May 2, 1980.

The trial court found that Sentry Insurance sent an offer to renew policy number 77–22474–52 from May 2, 1980 to November 2, 1980 to Rodriguez on April 6, 1980. Sentry received no response to this offer, thus a notice of termination and another offer to renew the policy were sent to Rodriguez on May 2, 1980. Again, Sentry received no response. On May 22, 1980, Sentry sent notice to Rodriguez offering to reinstate the policy. Finally, on June 11, 1980, Sentry sent Rodriguez a confirmation of termination of the policy, due to her nonacceptance of Sentry's offer to renew. It was established at trial that Rodriguez never offered or tendered payment to Sentry for coverage from May 2, 1980 to November 2, 1980.

Appellants denied that these notices were ever sent to Rodriguez. Appellants acknowledged that Rodriguez received a document on May 2, 1980, which was labeled a declarations page to the insurance policy. This page showed coverage from May to November 1980, effective beginning May 2, 1980. A premium amount due on this transaction was noted on the declarations page. It is appellants' position that this declaration extended the policy that was expiring on May 2, 1980, and thus the policy could only be terminated by compliance with the cancellation procedures set out by the Texas State Board of Insurance.

Sentry Insurance, however, contended that the declarations page merely set out the type of insurance coverage that would be provided if Rodriguez accepted the offer to renew embodied in the policy terms. A condition of policy number 77–22474–52 provided that:

> This policy shall expire as shown in the declarations, except that it may be continued in force for successive policy periods by the payment of the required renewal premium in advance of each such period and the acceptance of such premium by a duly authorized representative of the company.

Appellants argued that since the insurance policy was initially issued for a period of less than one year and had been in effect for over sixty days, the Rules, Regulations and Orders of the Texas State Board of Insurance required that the policy be renewed for a one-year period. They contend that the policy was automatically renewed, and therefore could only be cancelled by giving written notice in compliance with the Board Regulations. It is appellants' position that the policy could not terminate for the one year period, so the declarations page sent to Rodriguez was a renewal and not an offer to renew.

Appellants denied that the notice of termination and the notice of cancellation were received by Rodriguez. The court below received into evidence computer reproductions of the notices that Sentry allegedly sent to Rodriguez. These documents were facsimiles of the type of documents Sentry claimed to have sent to Rodriguez, printed with Rodriguez' name and information concerning the policy as would have appeared on the original notices. Copies of the original notices were stored

on microfilm at Sentry's offices in Wisconsin. The facsimiles were produced with information from Sentry's computer records.

Appellants' first point of error alleges that these computer facsimiles or records were improperly admitted over objection, that such were not properly authenticated, and that the proper predicate for admission was not laid.

■ Specifically, appellants urge us to adopt the requirements set out in *Railroad Commission of Texas v. Southern Pacific Co.*, 468 S.W.2d 125 (Tex.Civ.App.—Austin 1971), *writ ref'd n.r.e.*, 471 S.W.2d 39 (Tex. 1971). The appellate court in *Railroad Commission* found that in addition to the basic requirements for admissibility of business records under TEX.REV.CIV. STAT.ANN. art. 3737e(1) (Vernon Supp. 1985),[1] other factors must be shown when the records involved are electronically produced: including proof that the particular computing equipment is recognized as standard equipment and that the records were prepared by persons who understand operation of the equipment and whose regular duty was to operate the equipment. *Id.* at 129.

We do not agree that such additional proof is mandated. Article 3737e[2] provides that a person seeking to introduce business records as an exception to the hearsay rule must show:

(1) The record was made in the regular course of business;

(2) It was the regular course of that business for an employee or representative of such business with personal knowledge

of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record; and

(3) It was made at or near the time of the act, event or condition or reasonably soon thereafter.

The Texas Supreme Court, in refusing the writ of error in *Railroad Commission, supra,* expressly stated that it was not passing on the admissibility of the electronically kept business records. Other appellate courts considering the requirements have also determined that compliance with article 3737e is sufficient for admissibility. In *Voss v. Southwestern Bell Telephone Co.,* 610 S.W.2d 537, 538 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.), the Court found that "the legislature did not see any necessity for additional requirements [under article 3737e] where the records sought to be introduced into evidence were electronically produced." In so holding the Court noted that their opinion in *O'Shea v. International Business Machines Corp.*, 578 S.W.2d 844 (Tex.Civ.App. —Houston [1st Dist.] 1979, writ ref'd n.r. e.), relied on by appellants in this case, which adopted *Railroad Commission's* requirements, was mere dictum. *See also Texas Warehouse Co. of Dallas, Inc. v. Spring Mills, Inc.*, 511 S.W.2d 735 (Tex. Civ.App.—Waco 1974, writ ref'd n.r.e.).

■ The factors enunciated by the Austin Court in *Railroad Commission* go only to the weight and not to the admissibility of computer evidence. *Hutchinson v. Texas*, 642 S.W.2d 537 (Tex.App.—Waco 1982,

---

**1.** Article 3737e was repealed insofar as it relates to civil actions by the Rules of Practice Act, Acts 1939, 46th Leg., p. 201, § 1, classified as art. 1731a, § 1, eff. September 1, 1983.

**2.** This case was decided prior to the effective date of the Texas Rules of Evidence. Now *see* TEX.R.EVID. 803(6) which, in language almost identical to article 3737e, provides:

> The following are not excluded by the hearsay rule ... Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or

> near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstance of preparation indicate a lack of trustworthiness.

The Rules of Evidence make no additional requirement for the admissibility of computer produced documents either.

no pet.); *Wenk v. City National Bank,* 613 S.W.2d 345 (Tex.Civ.App.—Tyler 1981, no writ).

■■■ Appellants also complain that the computer documents were not properly admitted because Sentry's representative at trial, the policy issuing manager, was never qualified as the custodian of the records, and further that the witness admitted he did not have personal knowledge of the information contained in the documents. Again we hold that these factors go only to the weight and not to the admissibility of the evidence. Knowledge of the general procedures for collecting and maintaining data in electronic records is sufficient knowledge to lay the predicate necessary for admission of business records. *Williams v. Cullen Center Bank & Trust,* 671 S.W.2d 711 (Tex.App.—Houston [1st Dist.] 1984), *rev'd on other grounds,* 685 S.W.2d 311 (Tex.1985).

■■■ Additionally, article 3737e(2) itself provides that the records may be proven by the testimony of any qualified witness or custodian, even though he may not have personal knowledge of the various items or contents of the records. *Cf. Brans v. Office Building Managers, Inc.,* 593 S.W.2d 414 (Tex.Civ.App.—Dallas 1980, no writ). Thus, the custodian or qualified witness need not have personal knowledge of the information contained in the records to meet the requirements of article 3737e. *University Savings & Loan Association v. Security Lumber Co.,* 423 S.W.2d 287 (Tex.1967); *Marquis Construction Co., Inc. v. Johnson Masonry,* 665 S.W.2d 514 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). Appellants' first point of error is overruled.

Appellants' points of error two through four assert that there was no evidence, or alternatively, insufficient evidence to support the trial court's findings that the termination notice, the offer of renewal and the confirmation of termination were sent to Sylvia Rodriguez; and that such findings were contrary to the great weight and preponderance of the evidence. Point of error number five alleges that the trial

court erred in finding that the documents, if sent, constituted an offer to renew policy number 77–22474–52.

■■■ In evaluating appellants' no evidence points, we review the record in the light most favorable to the judgment. Applying this standard, we find that there is some evidence to support the findings, and that this evidence is more than a scintilla. *Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400 (Tex.1981). When we evaluate appellants' points alleging insufficiency of the evidence, we consider all of the evidence. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). Based upon this review we hold that the evidence is sufficient, and not against the great weight and preponderance. *See In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Appellants conceded that they had located the declarations page, effective May 2, 1980, and two premium notices, dated April 6, 1980 and May 22, 1980, in Rodriguez' personal papers after her death. The trial court found that the original reinstatement notice and confirmation of termination were never located among the deceased's papers. However, the evidence at trial indicated that the documents were produced by normal procedures and placed in the mail addressed to Sylvia Rodriguez at her residential address. Sentry's representative testified that such documents were sent according to their records, and the computer reproductions themselves indicated that the original documents were produced on the dates claimed.

Appellants' points of error two through five are overruled.

Appellants next contend that the trial court erred in finding that the insurance policy lapsed by its own terms on May 2, 1980. Rather, in points of error six through eight the appellants claim that Sentry was required to cancel the policy pursuant to the Texas State Board of Insurance Regulations. Appellants argue that the trial court's finding that Sentry was not required to send a notice of cancel-

lation was contrary to the Insurance Board Rules.

Appellants direct us to Board Order 19407, dated February 28, 1972. This order provides that when a family automobile policy has been in effect for sixty days, or if the policy is a renewal of such policy, the insurer may cancel the policy only if the insured fails to pay a premium when due, or if the insured's license is suspended or revoked. Cancellation is effected by mailing written notice thereof to the insured not less than ten days after such cancellation is effective.

The appellees admitted that no such notice was sent to Sylvia Rodriguez, but in support of its action points to the renewal provisions of the Board Regulations. Board Order 19407 also provides that a policy shall terminate if the insured fails to make a premium payment when due, notwithstanding noncompliance by the insurer of requirements that notice of nonrenewal be sent thirty days prior to expiration.

Reading the Insurance Board Regulations as a whole, we conclude that policies written for a time period of less than one year must be renewed for a period up to one year. However, a policy can terminate if premium payments are not made at the expiration of a policy period. During a policy period, once a policy is in effect, a policy may be cancelled only if the insurer complies with the notice requirements and only for the grounds provided.

Applying these guidelines to the case before us, we determine that the trial court correctly interpreted the Board Rules. The policy expired by its own terms on May 2, 1980. Sentry Insurance offered to renew the policy by sending the declarations page and notices of premium due. Thus the policy lapsed and was not in effect during the period from May 2, 1980 to November 2, 1980. Since the policy was not in effect, Sentry was under no obligation to cancel the policy, or send notice of cancellation.

Assuming arguendo that Sentry did not send the termination confirmation or reinstatement offer to Rodriguez, the Board Orders expressly state that a termination for nonpayment of premiums is effective regardless of the insurer's compliance.

Our recent decision in *Zuniga v. Allstate Insurance Co.*, 693 S.W.2d 735 (Tex.App.—San Antonio 1985, no writ) supports this finding that the policy lapsed for nonpayment of the premium. A notice of cancellation is not required when a policy is not cancelled, but rather expired or terminated pursuant to policy provisions for failure to pay renewal premiums when due. Appellants' points of error six through eight are overruled.

Appellants' final point complains of the trial court's failure to grant their Request for Further, Additional or Amended Findings of Fact and Conclusions of Law. The trial court did file Additional Findings pursuant to appellants' motion, however, appellants contend that such were merely repetitious of those first filed. However, appellants have failed to identify which findings are complained of. Appellants argue that because the findings of fact and conclusions of law were intermixed, they are deprived of the conclusions necessary to support their position on appeal.

While appellants correctly note that an intermixing of factual and legal conclusions is not generally approved, it is not reversible error absent a showing of harm to the appellants. *Hill v. Sargent*, 615 S.W.2d 300 (Tex.Civ.App.—Dallas 1981, no writ); *Landscape Design and Construction, Inc. v. Harold Thomas Excavating, Inc.*, 604 S.W.2d 374 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.); *Reiner v. Marceau*, 338 S.W.2d 285 (Tex.Civ.App.—Houston 1960, no writ). TEX.R.CIV.P. 296, providing that the findings of fact and conclusions of law be separately stated is directory only. *Fonseca v. County of Hidalgo*, 527 S.W.2d 474 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.); *Shirey v. Albright*, 404 S.W.2d 152 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.); *Eubanks v. Puritan Chemical Co.*, 353

S.W.2d 90 (Tex.Civ.App.—Houston 1962, writ ref'd n.r.e.). Thus, although it is a preferable practice to state them separately, it is not required. *Payton v. Hurst Eye, Ear, Nose an Throat Hospital and Clinic,* 318 S.W.2d 726 (Tex.Civ.App.—Texarkana 1958, writ ref'd n.r.e.).

■■■■■ The trial court did respond to appellants' Request for Amended Findings. The court is not required to make findings exactly as requested by the losing party. *Texas Eastern Transmission Corp. v. Sealy Independent School District,* 572 S.W.2d 49 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). It is not reversible error to deny a requested finding where, as in the case before us, the record is sufficient to permit a determination of the questions presented on appeal. *Allred v. Harris County Child Welfare Unit,* 615 S.W.2d 803 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Appellants' ninth point of error is overruled.

The judgment of the trial court is affirmed.