Faye LEVINE, Individually and as the Legal Representative and Legal Beneficiary of the Estate of Ben Levine, Deceased, Appellant,

v.

MAVERICK COUNTY WATER CONTROL & IMPROVEMENT DISTRICT NO. 1, Appellee.

No. 04–93–00524–CV.

Court of Appeals of Texas, San Antonio.

June 22, 1994.

Rehearing Denied Aug. 30, 1994.

Jeffrey H. Kobs, Hooper, Evans & Kobs, L.L.P., Fort Worth, Richard T. Miller, Miller, Davis & Opper, San Antonio, for appellant.

Michael C. Boyle, Matthews & Branscomb, P.C., Eagle Pass, Craig Anthony Arnold, Matthews & Branscomb, P.C., San Antonio, for appellee.

Before BUTTS, PEEPLES and HARDBERGER, JJ.

## OPINION

HARDBERGER, Justice.

Faye Levine, individually and as representative of the estate of Ben Levine, appeals from a take nothing judgment rendered in favor of the Maverick County Water Control and Improvement District following a bench trial. Levine brought suit to recover damages against the Water District for shutting off water to her family's farm which resulted in death by desiccation of some of Levine's cattle and the forced liquidation of the remainder. Levine complains that (1) the trial court failed to make any findings of fact which negate her 42 U.S.C. § 1983 cause of action for deprivation of equal protection, due process of law and freedom of speech, (2) the trial court failed to make additional findings of fact and conclusions of law, (3) there is insufficient evidence supporting the trial court's findings of fact. We affirm the trial court's judgment.

### Facts

The essence of this case is that the Levines assert their water was cut off by the Water District for improper reasons and the Water District says that the reason was the Levines did not pay their bills.

The Maverick County Water Control & Improvement District No. 1 ("Water District") was organized pursuant to the provisions of Article 16, § 59, of the Texas Constitution in 1929.[1] The purposes of the Water District are set forth in the Texas Constitution and in the enabling legislation, now found under Chapter 51, TEXAS WATER CODE. The Water District is required to levy assessments or charges to those individuals or entities to whom it furnishes water. TEX. WATER CODE ANN. § 51.301 (Vernon 1988). Faye Levine, and her husband, Ben, purchased water from the Water District for use on their farm known as Stockwell Farms.

In 1982 and 1983 the Water District assessed its charges based upon the number of acres the landowner designated "to be irrigated" for the coming year. The charges assessed were due and owing even if the landowner never used the water. If the landowner did not want the water, he could notify the Water District. Unfortunately there was no specified way to give the notice nor did it have to be in writing. The Levines claim they gave such notice in 1982 and 1983. The Water District denies it. This dispute is not likely to ever be resolved. What is

---

1. A history of the Water District's formation is found in *Moore v. Maverick County Water C. and Imp. Dist. No. 1*, 162 S.W.2d 1009, 1012–13 (Tex.Civ.App.—San Antonio 1942, writ ref'd), *cert. denied*, 318 U.S. 790, 63 S.Ct. 993, 87 L.Ed. 1156 (1943).

known is that the bill did not get paid until after the water was cut off in 1986.

Specifically, in May 1981, Ben Levine appeared before the Water District and requested that his Stockwell Farms irrigation use allotment be increased from 100 acres to 311 acres. This was uncontroverted. The Levines contend that sometime after May, 1981, their father reversed his earlier instructions and orally advised the Water District that his acreage allotment for Stockwell Farms should be reduced to where it was originally—from 311 acres to 100 acres. The Water District denies that it was told this. The difference between the assessment on 311 acres and on 100 acres is the basic dispute between the parties.

Between 1984 and 1986, a number of meetings at the Water District concerned the Levine delinquency. In February, 1985, Levine sought water for livestock use. This was a different use. Before this time Levine had used the water for farming. Also in 1985, Mrs. Levine publicly criticized the Water District and these criticisms were published in the newspaper. On April 20, 1986, the Water District discovered that Levine was pumping water onto Stockwell Farms even though he had been told not to. On April 21, 1986, Water District representatives and a deputy sheriff asked or ordered Levine to turn off the pump. The delinquency of $2,322.76 was finally paid by the Levines on December 26, 1986.

Levine filed suit contending that the water notice rules in effect in 1982 and 1983 were vague and that many other ranchers were in a similar predicament, but were treated less harshly. The court made these findings of fact and conclusions of law:

## FINDINGS OF FACT

1. The Plaintiff owed Defendant delinquent water charges on the property in question for the years 1982 and 1983.
2. The delinquent water charges with respect to the property in question for the years 1982 and 1983 were not paid until December 1986.
3. The Plaintiff, and Plaintiff's son, took and used water without authority in 1986 and while delinquent water charges were owed with respect to the property in question.
4. The Defendant at all times acted in good faith in attempting to apply the law and its own rules with respect to Plaintiff and with respect to other water users similarly situated in a fair and equal manner.

## CONCLUSIONS OF LAW

5. The Defendant was prohibited by Section 51.311, Texas Water Code, from supplying water to Plaintiff for the property in question for any purpose until the delinquent water charges were paid in December 1986.
6. The plaintiff failed to meet their [her] burden of proof on all claims raised, including the claim pursuant to 42 U.S.C. Section 1983.

After the court made its findings of fact and conclusions of law, Levine timely requested additional findings of fact and conclusions of law. The trial court stood on the above findings and conclusions, and rendered a take-nothing judgment.

### Findings of Fact Support Judgment

In her first point of error, Levine complains that the trial court erred in entering judgment in favor of the Water District because the judgment is not supported by the court's findings of fact. According to Levine, none of the court's findings address the elements of her § 1983 cause of action and thus cannot form the basis of a take-nothing judgment. Levine contrasts finding of fact number four with the elements of a § 1983 cause of action and concludes that none of the requisite elements of the 1983 claim were addressed in the court's finding. We cannot agree with this.

■ Levine contends that finding of fact four establishes that the Water District only attempted to apply the law in a fair manner to both herself and similarly situated water users. According to Levine, a good faith attempt on the part of the Water District to apply the law in a fair and equal manner is not enough to defeat her § 1983 cause of

action. It is Levine's position that a claim for denial of equal protection does not include a *mens rea* element such as of ill will or malice.

Section 1983 does not create any substantive rights. A plaintiff cannot go into court claiming "a violation of § 1983" because § 1983 is simply a remedial statute. A litigant seeking the remedial benefits provided by § 1983 is required to plead and prove a substantive constitutional injury. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618, 99 S.Ct. 1905, 1916, 60 L.Ed.2d 508 (1979). Levine's pleaded constitutional injuries include denial of equal protection, denial of due process and denial of freedom of speech.

The Equal Protection Clause requires a state agency or political subdivision to apply its rules and regulations in a fair and equitable manner, and not to irrationally classify its citizens. Mere mistakes or errors in judgment, even if they result in unequal treatment, are not a basis for liability. One of the elements of Levine's cause of action was to prove that the unequal treatment she was complaining of was motivated by ill will or pursuant to a pattern of obstruction, misrepresentation or hostility. *See Personnel Administrator v. Feeney*, 442 U.S. 256, 279, 99 S.Ct. 2282, 2296, 60 L.Ed.2d 870 (1979); *Melton v. City of Wichita Falls*, 799 S.W.2d 778, 783 (Tex.App.—Ft. Worth 1990, no writ); *Clear Lake City Water Authority v. Winograd*, 695 S.W.2d 632, 642 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

The elements of a denial of equal protection claim expressly include an element of ill will or malice; therefore, the court's finding that the Water District "at all times acted in good faith in attempting to apply the law and its own rules with respect to Plaintiff and with respect to other water users similarly situated in a fair and equal manner" negates the element of the Water District's ill will or malice as a cause of any alleged unequal treatment.

Three kinds of § 1983 claims may be brought against the State under the Due Process Clause of the Fourteenth Amendment. *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990). First, the Clause incorporates many of the protections set forth in the Bill of Rights including a state official's violation of freedom of speech. Second, the Clause contains a substantive component, sometimes referred to as "substantive due process." *Id.* Substantive due process bars arbitrary governmental actions regardless of the fairness of the procedures used to implement them. *Id.* The Clause also guarantees fair procedure. Procedural due process requires that a state not deprive its citizens of life, liberty and property without first providing appropriate procedural safeguards. *Id.*

At the trial court level Levine asserted a procedural due process claim. However, Levine wholly failed to raise either by point of error or by briefing the issue of procedural due process in any context in this court. Levine does make reference to substantive due process in her brief; however, substantive due process was not raised as a theory of recovery at the trial court level and was thus waived. Tex.R.App.P. 52(a). Therefore, other than the equal protection claim already discussed, the only other constitutional claim which would support a recovery under § 1983 is Levine's free speech claim.

A state, state agency or political subdivision cannot retaliate against a citizen who exercises the right of free speech on a matter of public concern. At a minimum, a claimant must show that a substantial and motivating factor in the governmental unit's action resulted from the plaintiff's exercise of free speech. *See Connick v. Myers*, 461 U.S. 138, 154, 103 S.Ct. 1684, 1694, 75 L.Ed.2d 708 (1983); *Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 285–86, 97 S.Ct. 568, 575, 50 L.Ed.2d 471 (1977). In this case finding of fact number four negates the issue of whether the Water District's actions were motivated by a desire to retaliate against Levine for exercising her right to freedom of speech. Clearly, a finding that the Water District acted in good faith negates the possibility that it acted out of a desire to retaliate against Levine. Therefore, this court holds that finding of fact number four embraces

and negates at least one element of Levine's § 1983 cause of action and thus supports the take-nothing judgment entered in favor of the Water District.

■ If the trial court's original findings do not include any findings on a ground of recovery or defense, then the party relying on the ground of recovery or the defense must request additional findings of fact in proper form or the ground is waived. *See Sears, Roebuck & Co. v. Nichols,* 819 S.W.2d 900, 907–908 (Tex.App.—Houston [14th Dist.] 1991, writ denied). Having held the trial court's findings embraced and negated at least one element of Levine's ground of recovery, findings on any omitted elements will be deemed to support the judgment absent a proper request by Levine for additional findings of fact. Tex.R.Civ.P. 298 and 299.

We overrule point of error one.

### Requested Additional Findings of Fact

■ In her second point of error, Levine complains that the trial court erred in failing to make additional findings of fact and conclusions of law. The trial court is required to make additional findings of fact, when they are timely requested, but only on ultimate issues. *Dura–Stilts Company v. Zachry,* 697 S.W.2d 658, 661 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Requested findings of fact that merely relate to an evidentiary point are improper. *Williams v. City of Ft. Worth,* 782 S.W.2d 290, 296 (Tex.App.—Ft. Worth 1989, writ denied); *Hausler v. Hausler,* 636 S.W.2d 874, 876 (Tex.App.—Waco 1982, no writ). There is no error when the requested additional findings of fact were disposed of directly or indirectly by the original findings, and the failure to make additional findings was not prejudicial to the appellant. *Strickland v. Coleman,* 824 S.W.2d 188, 193 (Tex.App.—Houston [1st Dist.] 1991, no writ); *Landscape Design v. Harold Thomas Excavating, Inc.,* 604 S.W.2d 374, 378 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). *See generally* 6 RICHARD ORSINGER, MCDONALD TEXAS CIVIL APPELLATE PRACTICE, § 18 (1992).

■ The Water District argues that Levine's request for additional or amended findings of fact and conclusions of law was not sufficient to preserve the complaint that the trial court failed to make those additional findings for appellate review. According to the Water District, the party requesting the additional findings of fact and conclusions of law must also present a bill of exception to the trial court's refusal to make such additional findings. *See, e.g. Traweek v. Larkin,* 708 S.W.2d 942, 947–48 (Tex.App.—Tyler 1986, writ ref'd n.r.e.). However, the Texas Supreme Court has stated that an uncontradicted assertion in the appellant's brief that the additional findings were not made was sufficient to preserve error. *Cherne Industries, Inc. v. Magallanes,* 763 S.W.2d 768, 772 (Tex.1989). In the present case it is uncontradicted that the trial court did not make the findings and thus Levine's second point of error has been preserved.

■ Although Levine properly preserved the point, this court finds the requested additional findings of fact and conclusions of law are wanting in one respect or another. Some are not specific, others are not supported by the evidence, some are contrary to the findings and conclusions already made by the court, and others are evidentiary in nature and not concerned with ultimate issues. We find that the record shows no injury to Levine from the trial court's failure to file additional findings of fact and conclusions of law.

We overrule Levine's second point of error.

### Insufficiency of the Evidence

■ In points of error three and four, Levine complains that the trial court's "take-nothing judgment" is against the great weight and preponderance of the evidence because the Water District either denied Levine due process, equal protection, or freedom of speech. In an appeal from a nonjury trial, an attack on the sufficiency of the evidence should be directed at specific findings of fact, rather than at the judgment as a whole. *Carter v. Carter,* 736 S.W.2d 775, 777 (Tex.App.—Houston [14th Dist.] 1987, no writ). Unless the trial court's findings of fact are challenged by point of error on appeal, they are binding on the appellate court. *Id.* We will, however, treat Levine's third and fourth points of error as a complaint that finding of fact number four is

against the great weight and preponderance of the evidence.

When reviewing a finding of fact upon which the complaining party has the burden of proof, we reverse only when he demonstrates that the adverse finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). There is adequate evidence to support finding of fact four. There is evidence that Levine knew since 1980 that water could not be delivered to the Stockwell Farms without payment of all past-due assessments. In correspondence starting in February, 1984, it is apparent Levine knew that the Water District considered him to be delinquent for 1982–83. There is evidence that Levine appeared before the Water District and did not complain about the assessment delinquency. There is no evidence that Levine ever requested an adjustment for 1982–83 based upon oral notification of acreage reduction prior to 1986. The Water District, by statute, was prohibited from furnishing any water to any user, if assessment delinquencies existed. TEX. WATER CODE § 51.311 (Vernon 1988).

Levine points to several other water users that she claims were similarly situated but treated differently because they were given adjustments on their bills. Levine received adjustments for water charges owed for 1985 and 1986. Levine did not get adjustments for 1982 and 1983, but she did not request that the assessments owed for 1982 and 1983 be adjusted until February, 1986. The Water District agreed to allow Levine until April 12, 1986, to pay the delinquent Stockwell Farms account. The evidence is undisputed that Levine illegally took water on Sunday, April 20, 1986. There is sufficient evidence to support the court's finding of fact number four.

We overrule Levine's third point of error.

Levine complains in point of error four that the "judgment" is against the great weight and preponderance of the evidence because there was overwhelming evidence that the Water District deprived her of the right to free speech.

A First Amendment violation occurs when the state, state agency or political subdivi-

sion, retaliates against a citizen who exercises the right of free speech on a matter of public concern. *Pickering v. Bd. of Education,* 391 U.S. 563, 574–75, 88 S.Ct. 1731, 1737–38, 20 L.Ed.2d 811 (1968). Levine must demonstrate, at a minimum, that a substantial and motivating factor in the Water District's decision requiring payment on past-due assessments prior to delivery of water resulted from Levine's exercise of protected speech. *Mt. Healthy City School Dist. v. Doyle,* 429 U.S. 274, 285–86, 97 S.Ct. 568, 575, 50 L.Ed.2d 471 (1977). Levine did not meet this burden.

The only evidence concerning the deprivation of free speech is the fact that in 1985, an Eagle Pass newspaper carried a story in which Levine was critical of the Water District. The Levines believe that the reason their water was cut off in 1986 was because of their criticism of the Water District in 1985. But this is only a theory; something that could have had an effect. Without further evidence it simply remains a theory. There is no evidence connecting these two events. And there is evidence that the Water District cut off the water because of nonpayment of their water bills. The trial court chose the evidence over the theory.

The judgment of the trial court is affirmed.